THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SHAWN FLOYD,

      Plaintiff,

v.                                      Civil Action No. 3:07cv411

3RD STREET DINER, INC.,

      Defendant.

## MEMORANDUM OPINION

Pending before the Court is Plaintiff's Motion to Compel Answers to Plaintiff's Post-Judgment Interrogatories and Request for Production of Documents ("Motion to Compel"). (Docket No. 15.) Plaintiff seeks discovery pursuant to Federal Rule of Civil Procedure 69[1] in aid of enforcing an award of fees provision contained in the Consent Decree approved by the Court on February 19, 2008. (Docket No. 14.) Defendant has not filed a response to Plaintiff's Motion to Compel.

Courts have inherent authority to enforce their judgments after the entry of a final order or consent decree. *Thompson v. U.S. Dep't of Hous. & Urban Dev.*, 404 F.3d 821, 833 (4th Cir. 2005) (*quoting Frew v. Hawkins*, 540 U.S. 431, 440 (2004) ("'Federal courts are not reduced to approving consent decrees and hoping for compliance. Once entered, a consent decree may be enforced.'")) However, consent decrees and consent orders "have many of the attributes of ordinary contracts," and should be construed as such. *United States v. ITT Cont'l Baking Co.*, 420 U.S. 223, 236 (1975); *see also Thompson*, 404 F.3d at 832 n. 6 ("Issues of interpretation and

---

[1] "In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person–including the judgment debtor–as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2).

enforcement of a consent decree typically are subject to traditional rules of contract interpretation, and the district court's authority is thus constrained by the language of the decree.").

The parties placed a term in the Consent Decree that itself limits Plaintiff's ability to enforce the Consent Decree, including the award of fees provision. *See Johnson v. Robinson*, 987 F.2d 1043, 1046 (4th Cir. 1993) ("A federal district court may not use its power of enforcing consent decrees to enlarge or diminish the duties on which the parties have agreed and which the court has approved."). Although Section V of the Consent Decree provides that "Defendant shall pay plaintiff's reasonable attorneys fees, litigation costs and expenses in the amount of $8,750.00 no later than February 28th, 2008" (Consent Decree 2), Section VI of the Consent Decree expressly states:

> Any action to enforce this Consent Decree shall be timely only if brought within six (6) months of the entry of this Consent Decree, except as otherwise agreed to in writing signed by plaintiff and defendant. Any action under this Agreement shall be time-barred if not brought within such time.

(Consent Decree 3.) The parties negotiated the terms of the Consent Decree, "waiv[ing] their right to litigate the issues involved in the case and thus sav[ing] themselves the time, expense, and inevitable risk of litigation." *United States v. Armour & Co.*, 402 U.S. 673, 681 (1971) (holding that consent decree must be enforced as written, and enforcing defendant's waiver of right to litigate particular issue).

Under the terms of the Consent Decree itself, Plaintiff was barred from taking "[a]ny action" to enforce the agreement after August 19, 2008. Plaintiff did not file the instant Motion to Compel until November 12, 2008. On December 10, 2008, the Court ordered Plaintiff to

2

show cause why the terms of Section VI of the Consent Decree did not preclude the instant

Motion to Compel. (Docket No. 16.) Plaintiff responded, stating that Plaintiff was "not seeking

to enforce the Consent Decree" but was instead "a judgment creditor . . . seeking now only to

enforce the money judgment awarding plaintiff's attorney's fees." (Pl.'s Resp. to Court's Order

to Show Cause 2.) (Docket No. 17.)

The Court is mindful that abject failure to pay agreed-upon fees thwarts the agreement

reached in Section V of the Consent Decree at bar. However, the Court also has before it

Section VI, which the parties themselves added to the Decree, and which requires the parties to

seek enforcement within six months. Plaintiff cites no authority for his contention that his status

as a 'judgment creditor' trumps the agreed upon terms in Section VI of the Decree.

Even given this, however, the Court notes that counsel for Plaintiff first served the post-

judgment discovery requests at issue on March 26, 2008, well within the agreed-upon

enforcement schedule. (Docket No. 15 Ex. A.) The interrogatories and request for production of

documents were sent to Defendant's counsel of record at the time. The record now indicates that

defense counsel has withdrawn representation, and that this circumstance was not made known to

Plaintiff's counsel until well after service of the interrogatories at issue. (Docket No. 15, Exhibit,

Rule 37 Certification of Attempt to Meet and Confer (stating that Plaintiff's counsel did not

discover until October 22, 2008, that Defendant's counsel no longer represented Defendant).)

Because the record indicates that the post-judgment discovery requests were timely

served, the Court will GRANT Plaintiff's Motion to Compel.  (Docket No. 15.)

An appropriate Order shall issue.

_____/s/_____

M. Hannah Lauck

United States Magistrate Judge

Date: April 30, 2009
Richmond, Virginia